**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN FOREIGN SERVICE ASSOCIATION, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:25-cv-00352-CJN |
| PRESIDENT DONALD TRUMP, *et al.*, | |
| Defendants. | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF DEFENDANTS' NON-COMPLIANCE WITH COURT ORDER AND EMERGENCY MOTION FOR SHOW CAUSE HEARING**

Plaintiffs have returned to Court claiming that Defendants have not fully complied with the Temporary Restraining Order (TRO) entered by this Court on February 7.  ECF No. 15. Defendants have, in fact, complied with the Order.  To the extent that Defendants have not done all that Plaintiffs now want, it is because Plaintiffs' requested relief exceeds the scope of the Order.

- As Plaintiffs acknowledge, some of their "members have had systems access restored consistent with the Court's order."  Pl's Notice at 2.  Indeed, after the TRO was entered late in the evening of February 7, 2025, USAID's leadership and information technology professionals began the process of re-enabling logical access to email, payroll, and other communications systems for all 2,140 employees on administrative leave.  Decl. of Jason Gray ⁋ 5 (attached as Exhibit A).  Unfortunately, the process of re-enabling users can be slow, manual, and error-prone.  *Id.* ⁋ 6.  Moreover, even after an access restoration request has been entered, it can take 24 hours to process.  *Id.*  On Sunday, February 9, 2025 and

1

Monday, February 10, 2025, when made aware of issues with specific user accounts, USAID worked diligently to troubleshoot these issues and restore access. *Id.* ⁋ 7. Therefore, to the extent that certain of Plaintiffs' members had not seen their email restored by the time they executed their declarations on the morning of February 10, 2025, it may have been because 24 hours had not yet passed since their email access was restored or it may have been that their accounts were among those that USAID had to troubleshoot to restore. *Id.* In either scenario, it is the Chief Information Officer's understanding that by Monday afternoon, all user accounts had been successfully restored (other than the accounts of four employees who were placed on investigative leave). *Id.*

- To the extent that certain of Plaintiffs' members continue to have difficulty accessing their email, Defendants are prepared to work diligently to overcome any technological issues. *See* ECF No. 20-1, ⁋ 18. Indeed, during a meet-and-confer before Plaintiffs filed their Notice, Defendants' counsel offered to look into the specific cases cited in Plaintiffs' Notice if Plaintiffs would provide the last names of the Doe declarants. Plaintiffs' counsel declined to do so.

- Plaintiffs also assert that they "believe this Court's order should cover Personal Services Contractors (PSCs)." Notice at 2. However, the Court's order applies only to "USAID employees." ECF No. 15. Pursuant to the Foreign Affairs Manual (FAM), PSCs "shall not, by virtue of such employment, be considered to be employees of the United States Government for purposes of any law administered by the Office of Personnel Management." 3 FAM 9112, *available at* https://fam.state.gov/fam/03fam/03fam9110.html#:~:text=Individuals%20employed%20by%20contract%20to,2669%20(f) (last visited Feb. 10, 2025). Because, under the FAM,

PSCs are not employees for all purposes, they do not fall within the scope of the Court's order, and their email access has not been restored.

- Furthermore, it is unclear that PSCs are members of the Plaintiffs' organizations and thus represented in this suit. Unlike several of the declarations Plaintiffs submitted, which say the declarants are members of the American Federation of Government Employees (AFGE), the only declaration that is submitted on behalf of a PSC does not aver that Ursula Doe is a member of the AFGE. *Compare* Notice, Exhibit D *with* Notice, Exhibits A, B, & C. Thus, Plaintiffs are now seeking to expand the scope of the TRO to individuals other than the employees who were the focus of the Court's order.

- Finally, Plaintiffs point out that their members have been unable to return to their workplace and have instead been told to telework. Notice at 3-4. But physical access to offices is well beyond the scope of the TRO. Defendants have fulfilled the terms of the TRO that the Court entered.

For the foregoing reasons, the Court should deny Plaintiffs' emergency motion for a show cause hearing.

Dated: February 11, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

LAUREN A. WETZLER
Deputy Director
Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Christopher D. Edelman*
CHRISTOPHER D. EDELMAN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 305-8659
Email: christopher.edelman@usdoj.gov

*Counsel for Defendants*