UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Foreign Service Association, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> President Donald J. Trump, et al., <br><br> *Defendants*. | Case No. 1:25-cv-00352 |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD

Plaintiffs filed this litigation on February 6, 2025, ECF No. 1, just days after President Donald Trump and his administration began to systemically dismantle the United States Agency for International Development (USAID), generating a global humanitarian crisis, costing thousands of jobs, imperiling national security interests, and harming Plaintiffs and their members. Given the extraordinary nature and speed of this dismantling, Plaintiffs moved for a temporary restraining order (TRO) on February 7, 2025, to preserve the status quo. ECF No. 9. The Court ordered a hearing that same day and granted, in part, Plaintiffs' motion. ECF No. 15. In its order, the Court ordered the parties to treat the opposition and reply briefing on the TRO as preliminary injunction briefing and scheduled a preliminary injunction hearing for Wednesday, February 12, 2025. *See id.* at 7. Plaintiffs now seek leave to file additional declarations along with their reply brief to support their motion for preliminary relief.

Additional declarations will further demonstrate the imminent, irreparable harm Plaintiffs and their members will experience without injunctive relief. To obtain a preliminary injunction against the government, Plaintiffs must establish that they are likely to succeed on the merits of

their claims and suffer irreparable harm in the absence of preliminary relief and that the balance of equities and the public interest weigh in their favor. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Nken v. Holder*, 556 U.S. 418, 435 (2009). Plaintiffs satisfy these requirements with their initial papers. But the facts on the ground continue to develop in a rapidly changing environment—and to come to the surface—even as this Court's order partially granting Plaintiffs' motion for a temporary restraining order remains in place. These supplemental declarations will aid the Court in confirming that Plaintiffs meet all requirements needed for this Court to afford them preliminary relief. This Court has the "discretion to allow parties to supplement the record of a case." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 53 (D.D.C. 2003) (citation omitted). Use of that discretion is warranted here, given the speed of briefing and rapidly developing circumstances.

The declarations will also confirm Plaintiffs' standing. To obtain a preliminary injunction, plaintiffs must demonstrate "a substantial likelihood" of success on standing. *Food & Water Watch, Inc. v. Vilsack*, 800 F.3d 905, 913 (D.C. Cir. 2015) (internal quotation marks omitted). To establish associational standing, an organization must demonstrate that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Metro. Washington Chapter, Associated Builders & Contractors, Inc. v. D.C.*, 62 F.4th 567, 572 (D.C. Cir. 2023) (citations omitted). And to establish standing in its own right, an organization must allege "a concrete and demonstrable injury to the organization's activities that is more than simply a setback to the organization's abstract social interests." *Am. Anti-Vivisection Soc'y v. United States Dep't of Agric.*, 946 F.3d 615, 618 (D.C. Cir. 2020) (internal quotation marks and citation omitted). Plaintiffs have made the requisite showings as to both associational and organizational standing in their TRO motion and

accompanying declarations. Nonetheless, to eliminate any potential concern on this point, Plaintiffs request that the Court permit them to supplement the record with declarations that confirm each Plaintiff has at least one member impacted by the decimation of USAID, which will assure the Court of Plaintiffs' standing.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to supplement the record.

Dated: February 11, 2025                    Respectfully submitted,

/s/ *Kaitlyn Golden*

Kaitlyn Golden (DC Bar No. 1034214)
Kristen Miller (DC Bar No. 229627)
Rachel L. Fried (DC Bar No. 1029538)
Kayla M. Kaufman (DC Bar No. 90029091)
Robin F. Thurston (DC Bar No. 1531399)
Skye L. Perryman (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kgolden@democracyforward.org

Lauren Bateman (DC Bar No. 1047285)
Karla Gilbride (DC Bar No. 1005886)
Allison Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
lbateman@citizen.org