IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREIGN SERVICE ASSOCIATION, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>PRESIDENT DONALD TRUMP, *et al.*,<br><br>    Defendants. | Civil Action No. 1:25-cv-00352-CJN |

## NOTICE OF RELATED CASES

The Government respectfully submits that two actions pending in this District and presently pending before The Honorable Amir H. Ali, *AIDS Vaccine Advocacy Coalition* (No. 25-cv-400), and *Global Health Council* (No. 25-cv-402), are related to this earlier-filed action, *American Foreign Service Association et al. v. Trump et al.* (No. 25-cv-352)[1], presently pending before this Court.

Under Local Civil Rule 40.5(a)(3), cases are properly deemed related when they "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent." Plaintiffs in *AIDS Vaccine Advocacy Coalition* listed *American Foreign Service Association* as a related matter after they brought suit, clearly signaling based on their familiarity with this action—being counsel in

---

[1] Here, and in earlier filings, the Government has referred to this matter as *American Foreign Service Association et al. v. Trump et al.* (1:25-cv-352), based on the order in which the parties were listed on the complaint in that case. The court in that case, however, docketed the case as *American Federation of Government Employees v. Trump et al.* The two captions refer to the same case.

1

it—that they view them as at least potentially related. And the plaintiffs in *Global Health Council* "do not dispute the characterization of [that] action in Defendants' Notice of Related Case, ECF 13" as related. *Global Health Council*, ECF No. 15 (No.25-cv-402). Moreover, the *Global Health Council* plaintiffs also acknowledge that "the claims in this case also involve common issues of fact and arise out of common transactions with [this case]." *Id.* Therefore, at this time, no party appears to argue that the three cases are not actually related.[2]

It makes sense that no party disputes the relatedness of the three cases, because all three involve common issues of fact and grow out of the same transaction or occurrence. At core, these three actions all challenge the propriety of Executive Order No. 14,169, "Reevaluating and Realigning United States Foreign Aid," 90 Fed. Reg. 8619 (Jan. 20, 2025), ), and related actions taken by U.S. Agency for International Development (USAID). Moreover, the three complaints all make nearly completely overlapping legal claims:

- *American Foreign Service Association*: Separation of Powers and Take Care Clause (Compl ¶¶ 49-71), Administrative Procedures Act (Compl ¶¶ 72-75)

- *AIDS Vaccine Advocacy Coalition*: Separation of Powers and Take Care Clause (Compl. ¶¶ 45-59), Administrative Procedures Act (Compl. ¶¶ 60-66)

- *Global Health Council*: Separation of Powers and Take Care Clause (¶¶ 123-28), Administrative Procedures Act (Compl. ¶¶ 111-22)

Although the *Global Health Council* case includes a single additional claim (that President Trump's actions were ultra vires, *see Global Health Council*, Compl. ¶¶ 129-31), that claim appears to be derivative of the other claims.

---

[2] The Honorable Loren L. Alikhan on February 11, 2025 concluded that *AIDS Vaccine Advocacy Coalition* and *Global Health Council* were not properly deemed related under Local Civil Rule 40.5(a)(3) to an action pending before her, *National Council of Nonprofits v. Office of Management and Budget*, No. 25-CV-239 (LLA), and directed transfer of the two actions to the Calendar and Case Management Committee for reassignment, but did not reach the question whether those two actions are properly deemed related to the instant action. ECF No. 12 (No. 25-cv-400).

Additionally, although not determinative, both *AIDS Vaccine Advocacy Coalition* and *American Foreign Services Association* involve the same plaintiffs' counsel, *compare AIDS Vaccine Advocacy Coalition*, Compl. at 21, with *American Foreign Service Association*, Compl. at 30. Assignment of the three cases to the same Court would conserve the resources of the parties, counsel, and the Court and avoid the possibility of conflicting rulings on the same issues.

Accordingly, the Government respectfully requests that *AIDS Vaccine Advocacy Coalition* (No. 25-cv-400) and *Global Health Council* (No. 25-cv-402) be transferred to this Court as cases related to the first-filed *American Foreign Service Association et al. v. Trump et al.* (No. 25-cv-352).

Dated: February 12, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

LAUREN A. WETZLER
Deputy Director
Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Christopher D. Edelman*
CHRISTOPHER D. EDELMAN
Trial Attorney
INDRANEEL SUR
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 305-8659
Email: christopher.edelman@usdoj.gov

*Counsel for Defendants*