## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN FOREIGN SERVICE
ASSOCIATION, et al.,

         *Plaintiffs*,

    v.

DONALD TRUMP, et al.,

         *Defendants*.

Civil Action No. 1:25-cv-352 (CJN)

## NOTICE

The government submitted a Notice of Related Case, ECF No. 28, in which it suggests that two actions currently pending in this District are related to this earlier-filed action and should be transferred to this Court pursuant to Local Civil Rules 40.5(a)(3) and 40.5(c)(1). The Court has reviewed those other cases, *AIDS Vaccine Advocacy Coalition v. United States Department of State* (No. 25-cv-400) and *Global Health Council v. Trump* (No. 25-cv-402), and concludes that they are not related to this one in the manner contemplated by the Local Rules.

The *AIDS Vaccine* and *Global Health* plaintiffs either are or represent American businesses and nonprofits that, prior to the 90-day pause on foreign assistance funding effected by Executive Order 14,169, received federal grant money from the State Department and USAID. *See AIDS Vaccine*, ECF No. 17 (Ali TRO) at 1; *Glob. Health*, ECF No. 21 (Ali TRO) at 1. The plaintiffs in those cases sought and received a TRO against implementation of the Executive Order's blanket funding freeze on the basis that they would suffer irreparable harm from being "forced to shut down programs, to furlough or lay off employees, and in some instances to shutter altogether as a result of the challenged action." Ali TRO at 2, 13–15.

1

By contrast, the plaintiffs in this case are—at least for purposes of the preliminary injunction stage—unions that represent USAID employees. *See* ECF No. 15 (TRO) at 1. Those plaintiffs sought preliminary injunctive relief (including a TRO) primarily on the basis that certain actions at USAID would inflict irreparable harm upon their members *in their capacities as USAID employees*. *See id.* at 2–6. It was in light of those alleged *workplace* harms, such as the asserted risk to the physical safety of USAID employees stationed abroad, that the Court granted in part plaintiffs' TRO motion. *See id.* at 2–6.

Under the Local Rules, cases are related when, among other considerations not applicable here, they "involve common issues of fact" or "grow out of the same event or transaction." LCvR 40.5(a)(3). But the factual questions in a case brought by employees against their employer are significantly different from those in a case brought by grant recipients against their grantor. In this case, the Court's analysis has focused on the effect of the government's actions on USAID's internal workplace dynamics; in the other cases, the inquiry has trained on their effects on the economic prospects and mission-capabilities of organizations wholly external to USAID. *Compare* TRO at 2–6 *with* Ali TRO at 5–6.

It may be true that, at a high level, this case and the other two all "grow out of" Executive Order 14,169. *See* ECF No. 28 at 2. But if this litigation progressed to the point where the legality of the Executive Order was squarely at issue, the daylight between this case and the others would likely only grow. In this case, the government has argued that the Court lacks Article III jurisdiction over certain of plaintiffs' claims because USAID employees lack standing to challenge the funding freeze itself, and further that the Court lacks subject-matter jurisdiction because federal employment claims must be adjudicated in the first instance by either the MSPB or the FLRA. *See* ECF No. 20 at 11–22. In *AIDS Vaccine* and *Global Health*, the government appears to have argued

that certain of the relevant contracts permit the government's actions (an argument that seems not to be relevant here).  *See* Ali TRO at 10.  And while the government might make jurisdictional arguments in *AIDS Vaccine* and *Global Health*, they would surely be different ones—such as, perhaps, whether contract-based claims must be litigated in another forum.

In sum, the Court has concluded that Case Nos. 25-cv-400 and 25-cv-402 are not currently related to this case, No. 25-cv-352.  There shall be no change in the current assignment of these cases.

DATE: February 14, 2025

_____
CARL J. NICHOLS
United States District Judge