UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREIGN SERVICE ASSOCIATION, et al., )<br><br>          *Plaintiffs*, )<br><br>    v. )<br><br>DONALD TRUMP, et al., )<br><br>          *Defendants*. ) | Civil Action No. 1:25-CV-352 |

**PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT RECORD
AND MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Local Civil Rule 65.1(d), Plaintiffs move for leave to supplement the record for the limited purpose of responding to statements made for the first time in the Declaration of Pete Marocco filed on February 14, 2025 (ECF No. 35-1).

At the preliminary injunction hearing held on February 13, 2025, the Court directed Defendants to file a supplement to their Opposition to Plaintiffs' Motion for Preliminary Relief, ECF No. 20, in order to address two questions:

1. What steps is the Government planning to take to protect the safety of USAID employees who are located abroad and will be placed on administrative leave?

2. What, if any, benefits will USAID employees who are located abroad have access to if they voluntarily choose to say beyond the 30-day period during which the Government would otherwise evacuate them to the United States?

On Friday, February 14, 2025, Defendants accordingly filed a supplemental declaration by Pete Marocco addressing those topics. *See* ECF No. 35-1 (the Marocco Declaration).

Plaintiffs hereby request leave to file three additional declarations responsive to statements contained in the Marocco Declaration. The Third Declaration of Randall Chester, attached as Exhibit A, responds to statements contained in Paragraphs 6 – 11, 14 – 17, and 19 of the Marocco Declaration. The Declaration of Terry Doe, attached as Exhibit B, responds to statements contained in Paragraphs 5 - 7, 11, and 14 - 17 of the Marocco Declaration. And the Declaration of Emelia Doe, attached as Exhibit C, responds to statements contained in Paragraphs 14, 15, and 17 of the Marocco Declaration.

This Court has the "discretion to allow parties to supplement the record of a case." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 53 (D.D.C. 2003) (citation omitted). Use of that discretion is warranted here because the proposed supplemental declarations will assist the Court in evaluating the statements contained in the Marocco Declaration for the purpose of assessing whether (1) Plaintiffs are likely to succeed on the merits of their claims, (2) Plaintiffs will suffer irreparable harm in the absence of preliminary relief, and (3) the balance of equities and the public interest weigh in their favor. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Nken v. Holder*, 556 U.S. 418, 435 (2009).

Counsel for Plaintiffs has conferred with counsel for the Defendants as required by Local Civil Rule 7(m). Defendants oppose this motion. A proposed order is attached.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to supplement the record.

Dated: February 17, 2025

/s/ Lauren Bateman
Lauren Bateman
   (DC Bar No. 1047285)
Karla Gilbride
   (DC Bar No. 1005886)
Allison Zieve
   (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
lbateman@citizen.org

Respectfully submitted,

/s/ Kristen Miller
Kristen Miller
   (DC Bar No. 229627)
Kaitlyn Golden
   (DC Bar No. 1034214)
Kayla M. Kaufman
   (DC Bar No. 90029091)
Robin F. Thurston
   (DC Bar No. 1531399)
Skye L. Perryman
   (DC Bar No. 984573)
Rachel L. Fried
   (DC Bar No. 1029538)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
 (202) 448-9090
kmiller@democracyforward.org
(DC Bar No. 90029091)

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

On February 17, 2025, I caused the foregoing and accompanying proposed order and declarations to be filed electronically via the Court's CM/ECF system, which provides electronic notice to all counsel of record.

Dated: February 17, 2025                        /s/ Kristen P. Miller
                                                Kristen P. Miller