UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREIGN SERVICE ASSOCIATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PRESIDENT DONALD TRUMP, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-00352-CJN |

## DECLARATION OF PETER MAROCCO

I, Pete Marocco, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I make this declaration based on my personal knowledge and information provided to me by others in my official capacity of performing the duties and functions of the Deputy Administrator of the United States Agency of International Development (USAID).

2. I understand that at a hearing in this case on February 19, 2025, the Court inquired about the choice a direct hire USAID employee stationed abroad would have to make if the temporary restraining order (TRO) were lifted and employees reverted to being on administrative leave.

3. The answer to that question depends on whether USAID decides to give employees the opportunity to depart voluntarily or whether they are directed to return to the United States.

4. When the Court's TRO went into effect, USAID was in the process of planning how to manage direct hire employees abroad once they were placed on administrative leave. It was initially determined that employees stationed abroad who were placed on administrative leave would be given the option to voluntarily depart from the country where they were stationed.

1

Whether or not they departed, their employment benefits, including applicable allowances, would remain unchanged as long as they remained employees. If an employee decided to stay more than 30 days, however, Agency funded and arranged return travel might not be available to them unless an individualized exception were sought and granted. This is the scenario I was describing in paragraphs 22 to 26 of my February 10 declaration. We have a team of 257 employees on the Coordination Support Team receiving and processing these requests and standing by to assist, with the priority on accountability for employees, their families and their safety.

5.  USAID has also considered, in the context of broader reorganization planning process, the possibility that employees would be directed to depart their post, either because they were being terminated or because they would be needed elsewhere based on an agency reorganization. This is the scenario I was describing in paragraph 15 of my February 14 declaration. As noted in that declaration, in this scenario an employee who is directed to depart post and fails to do so, including those who choose to stay beyond the 30-day period to leave the country and who do not receive a waiver, would no longer be "officially stationed overseas" and would not meet the definition of employee under the Department of State Standardized Regulations (DSSR). Such an employee would no longer qualify for allowances applicable to the assignment in a foreign location. In this scenario, there may be some flexibility to allow children to continue in a school if the employee or post already paid for tuition through the current school year consistent with the authorized education allowance (see DSSR 270). However, the family would be responsible for providing for their own housing and personal expenses and would need to comply with applicable visa and related requirements. These individuals would therefore not qualify to receive the protections described in paragraph 11 of my February 14 declaration.

6. Because reorganization planning is ongoing, USAID leadership has not yet determined whether, if the TRO is lifted, it will be voluntary for employees to leave their posts abroad, or whether they will be directed to do so.

7. In the case of any future voluntary or directed departures, the Department will allow a reasonable amount of time for the departure consistent with Department policies and will maintain adequate communications and systems to ensure their safe return. USAID will undertake all measures as appropriate to ensure the safety and security of current employees.

The foregoing is true and correct to the best of my knowledge.

Peter Marocco

PTFD Deputy Administrator, USAID

February 20, 2025