UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Foreign Service Association, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> President Donald J. Trump, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00352 |

**PLAINTIFFS' MOTION FOR AN EXPEDITED BRIEFING SCHEDULE**

Plaintiffs American Foreign Service Association, American Federation of Government Employees, and Oxfam America (Plaintiffs) hereby move for an order setting an expedited briefing schedule for Plaintiffs' motion for summary judgment, ECF No. 51. In compliance with LCvR 7(m), counsel for Plaintiffs conferred with counsel for Defendants about this motion on March 9, 2025. Defendants stated that they oppose this motion.

**ARGUMENT**

Courts have authority to expedite the consideration of cases before them for "good cause." 28 U.S.C. § 1657(a); *see McGehee v. U.S. Dep't of Justice*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019) ("District courts enjoy broad discretion when deciding case management and scheduling matters.").

This Court should exercise its discretion to expedite briefing of Plaintiffs' motion for summary judgment because good cause exists for such expedition. Defendants continue to take rapid action to dismantle USAID, in contravention of the Constitution and federal law. As described in more detail in Plaintiffs' motion for summary judgment and supporting memorandum, in the days since the Court ruled on Plaintiffs' motion for preliminary injunction, Defendants have

moved forward vigorously, terminating hundreds of workers, sending out Reduction in Force notices to more, and announcing the cancellation of 90% of USAID foreign development assistance program awards. These decisions have caused urgent, ongoing injury to Plaintiffs, as well as to people in need of food, medical, and other assistance long provided by USAID. Expedition is warranted in light of the immediacy of this injury and the importance of the interests at stake.

Expediting briefing and consideration is also appropriate given the familiarity of Defendants with the substantive issues, having fully briefed their response to Plaintiffs' motion for a temporary restraining order and preliminary injunction. Although Defendants' production of the administrative record is not due until, at the earliest, mid-April under Local Rule 7(n), Plaintiffs believe that production of the record is not needed to decide their motion for summary judgment, and suggest that the Court either order Defendants to file the administrative record concurrently with their response to Plaintiffs' motion for summary judgment or dispense with the requirement.

In light of the foregoing, Plaintiffs ask this Court to order Defendants to file their response to the motion for summary judgment by March 17, 2025, and Plaintiffs to file their reply by March 24, 2025, to enable this Court to decide the matter expeditiously. A proposed order accompanies this motion.

Dated: March 10, 2025

Lauren Bateman (DC Bar No. 1047285)
Karla Gilbride (DC Bar No. 1005886)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
lbateman@citizen.org

Respectfully submitted,

*/s/ Kaitlyn Golden*
Kaitlyn Golden (DC Bar No. 1034214)
Rachel L. Fried (DC Bar No. 1029538)
Kristen Miller (DC Bar No. 229627)
Kayla M. Kaufman (DC Bar No. 90029091)
Robin F. Thurston (DC Bar No. 1531399)
Skye L. Perryman (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kgolden@democracyforward.org