**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AMERICAN FOREIGN SERVICE
ASSOCIATION, *et al.*,

    Plaintiffs,

v.

PRESIDENT DONALD J. TRUMP, *et al.*,

    Defendants.

Civil Action No. 1:25-cv-352-CJN

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
AN EXPEDITED BRIEFING SCHEDULE**

1

**INTRODUCTION**

This Administrative Procedure Act ("APA") case was filed just over a month ago. In that time, Plaintiffs filed a motion for a preliminary injunction, which the Court denied on the grounds that Plaintiffs were unlikely to succeed on the merits because the Court likely lacks subject-matter jurisdiction and that Plaintiffs could not establish that they were at risk of irreparable harm absent immediate injunctive relief. Now Plaintiffs urge the Court to proceed directly to summary judgment, affording Defendants insufficient time to determine the appropriate contents of the administrative record (if any)—despite the APA's requirement that the Court "shall review" the record in resolving APA claims, 5 U.S.C. § 706—and without establishing any reason why an expedited final judgment is warranted. Defendants' response to the Complaint is not due for over a month, on April 21, 2025,[1] yet Plaintiffs request that the Court order Defendants to skip straight to summary judgment and to file a response to their thirty-three-page summary judgment motion in *seven days*. Such expedited briefing on this out-of-sequence motion for summary judgment is inappropriate and unnecessary. *See* Fed. R. Civ. P. 1. The Court should deny Plaintiffs' request for expedited briefing and should instead hold the motion for summary judgment in abeyance until

---

[1] Plaintiffs' docket entry for "return of service/affidavit of summons and complaint executed as to the United States Attorney" indicates that service was completed upon the U.S. Attorney's Office on February 13, 2025, and that Defendants' deadline to respond to the Complaint is therefore February 14, 2025, under Federal Rule of Civil Procedure 12(a)(2). *See* ECF No. 45. That docket entry does not state the correct response date. Although Plaintiffs sent a copy of the Complaint and Summons via certified mail on February 12, 2025, the U.S. Attorney's Office did not *receive* these documents until February 20, 2025. *See* USPS Tracking Number 9589071052700332958786. Service on the U.S. Attorney's Office was thus effective on February 20, 2025, making the deadline for Defendants to respond to the Complaint April 21, 2025. *See Fuqua v. Turner*, 996 F.3d 1140, 1155 (11th Cir. 2021) (service by certified mail is not complete until it is received); *Carter v. Kendall*, Civ. A. No. 23-0210, 2024 WL 289332, at *5 (M.D. Ga. Jan. 25, 2024) ("The Court agrees that 'service by certified mail is not sufficient unless the recipient actually receives the mail.' . . . [I]t makes more sense to begin the 60-day period from the date of receipt rather than mailing." (quoting *Morris v. Wilmington Sav. Fund Soc'y*, 360 F. Supp. 3d 363, 369 (W.D. Va. 2018))).

after the Court rules on Defendants' forthcoming motion to dismiss under Federal Rule of Civil Procedure 12(b). Alternatively, the Court should, at a minimum, extend Defendants' deadline to respond to the motion for summary judgment until April 21, 2025, so that Defendants may combine their response to Plaintiffs' motion with their own motion to dismiss under Rule 12(b).

## ARGUMENT

The Court should not grant the request for expedited briefing and should instead hold briefing on the summary judgment motion in abeyance. Defendants intend to file a motion to dismiss under Rule 12(b) no later than April 21, 2025. In that motion, Defendants anticipate arguing, among other things, that the Court lacks subject-matter jurisdiction over Plaintiffs' claims under Rule 12(b)(1). *See* ECF No. 20, at 10–22 (raising jurisdictional arguments in response to the motion for a preliminary injunction). Indeed, this Court has already indicated that subject-matter jurisdiction is likely lacking in district court. *See* Mem. Op., ECF No. 49, at 16–24 (Feb. 21, 2025). Defendants should not be required to brief a motion for summary judgment before the Court can consider whether it has subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The Court has inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Here, the interests of fairness and efficiency counsel in favor of deciding Defendants' motion to dismiss prior to briefing a summary judgment motion, particularly because Plaintiffs filed their summary judgment motion prematurely, in advance of Defendants' deadline to respond to the Complaint and providing insufficient time for Defendants to determine the contents of the administrative record (if any).

Nothing in Rule 56 requires the parties and the Court to press forward with a summary judgment motion that is filed at the outset of a case. To the contrary, the Advisory Committee

notes for Rule 56 encourage courts to issue orders that will prevent the premature briefing of summary judgment motions: "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56 advisory committee's note (2010 amendments). "Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case." *Id.* Earlier committee notes also stated that, "if a motion for summary judgment is filed before a responsive pleading is due from a party affected by the motion, the time for responding to the motion is 21 days after the responsive pleading is due." *Id.* (2009 amendments).

Holding Plaintiffs' summary judgment motion in abeyance is particularly appropriate so that, if the Court does reach that stage of litigation, it can properly resolve any motions on the administrative record (if any).[2] Plaintiffs' claims alleging violations of the APA must be determined based on the administrative record, which the agency is charged with compiling. *See* 5 U.S.C. § 706 ("In making the foregoing determinations [*i.e.*, whether there has been a violation of the APA], the court shall review the whole record or those parts of it cited by a party."); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record . . . ."); *Fla. Power & Light Co. v. Lorian*, 470 U.S. 729, 743–44 (1985)

---

[2] Because Defendants have argued in this case that Plaintiffs have not challenged an "agency action," let alone "final agency action," *see* ECF No. 20, at 29–31, Defendants have not yet determined whether it is possible to compile an administrative record. They thus preserve the argument that they should be excused from the requirement to concurrently certify the contents of an administrative record when they file their anticipated motion to dismiss. *See* Local Rule 7(n). Moreover, jurisdictional arguments that do not rely on the administrative record may be raised without triggering the obligation to certify the contents of an administrative record along with a motion to dismiss. *See, e.g.*, *Connectivut v. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018); *Zemeka v. Holder*, 963 F. Supp. 2d 22, 24 (D.D.C. 2013); *Carroll v. Dep't of Labor*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017).

("The task of reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court."). In this District, "the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." Local Rule 7(n). In other words, Defendants in this action do not need to certify the contents of the administrative record any earlier than the filing of their motion to dismiss by April 21, 2025. *But see supra* note 2 (preserving potential argument that Defendants should be excused from this requirement). Because Plaintiffs moved for summary judgment in the absence of the administrative record and well before Defendants' deadline to certify the contents of that record, Plaintiffs' motion for summary judgment cannot be based on the not-yet-compiled administrative record. *See West Virginia v. HHS*, No. 14-cv-1287, 2014 WL 12803229, at *2 (D.D.C. Nov. 11, 2014) (staying summary judgment briefing as "premature" where motion for summary judgment was filed before administrative record was compiled and submitted).

Here, judicial economy supports resolving Defendants' forthcoming motion to dismiss before moving on to the summary judgment stage, as is the normal practice when Defendants intend to file such a threshold motion. The benefits for judicial economy of this approach are self-evident. Defendant's motion to dismiss will likely raise threshold jurisdictional defects that are apparent on the face of the Complaint and that this Court has already acknowledged in ruling on the preliminary injunction motion. The Court is obligated to address jurisdictional concerns before opining on the merits of Plaintiffs' claims on summary judgment. *See Steel Co*, 523 U.S. at 94. Judicial economy also supports addressing any potential arguments Defendants may raise under Rule 12(b)(6) for failure to state a claim upon which relief may be granted; to the extent the Court

5

can narrow the scope of this litigation through dismissal under Rule 12(b), that would allow for more efficient and focused proceedings on summary judgment. Such concerns are especially compelling in a case like this one, where Plaintiffs have asserted several challenges to Defendants' conduct, and the Court has already identified jurisdictional concerns with Plaintiffs' claims.

Indeed, for precisely these reasons, courts in this District have often found that briefing on summary judgment is premature prior to disposition of a pending or anticipated motion to dismiss where, as here, Defendants have raised threshold jurisdictional concerns. *See, e.g.*, *West Virginia*, 2014 WL 12803229, at *1–2 (stating that, "in the interest of judicial economy, Courts will stay summary judgment briefing pending the resolution of a motion to dismiss"); *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) ("Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay."); *Furniture Brands Int'l Inc. v. U.S. Int'l Trade Comm'n*, No. 11-202 (JDB), 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) (noting that "suspending briefing of the summary judgment motion will allow the Court to manage the orderly disposition of this case."). As one court explained:

> Because the Court must necessarily resolve the motions to dismiss before considering plaintiff's summary judgment motion, suspending briefing of the summary judgment motion pending the Court's resolution of the motions to dismiss will not prejudice plaintiff; staying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide.

*Furniture Brands*, 2011 WL 10959877, at *1. Plaintiffs' motion to expedite asks this Court to take precisely the opposite approach as that espoused in *Furniture Brands*. Their approach is wasteful and judicially inefficient. In support of their proposal to expedite summary judgment briefing, Plaintiffs' motion points only to alleged harms that they will suffer based on the ongoing conduct of Defendants. *See* Mot. at 1–2. But this Court has already effectively rejected such arguments,

6

denying the motion for preliminary injunction in part because Plaintiffs' alleged harms do not constitute irreparable harm that would justify immediate injunctive relief. *See* ECF No. 49, at 10–16.

Additionally, Plaintiffs give no reason at all for their request that Defendants be required to oppose a full motion for summary judgment in just seven days. *See* Mot. at 2. Even the default deadline to file a response under the local rules, absent an extension, would be fourteen days after the motion was filed. *See* Local Rule 7(b). Plaintiffs' request is especially inappropriate given that Plaintiffs waited seventeen days after the Court denied their preliminary injunction motion before filing their motion for summary judgment and motion to expedite briefing and given that they request another seven days to file their reply brief. Additionally, Plaintiffs' proposal leaves no room for Defendants to file a cross-motion for summary judgment. Plaintiffs have not provided a sufficient justification for their sharply accelerated timeline, and the Court should reject their proposal.

## CONCLUSION

The Court should deny Plaintiffs' motion to expedite briefing. The Court should instead hold the motion for summary judgment in abeyance until after the Court rules on Defendants' forthcoming motion to dismiss under Federal Rule of Civil Procedure 12(b). In the alternative, the Court should extend Defendants' deadline to respond to the motion for summary judgment until April 21, 2025.

Dated: March 11, 2025                    Respectfully submitted,

                                                          YAAKOV M. ROTH
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director
Federal Programs Branch

LAUREN A. WETZLER
Deputy Director
Federal Programs Branch

*/s/ Michael P. Clendenen*
MICHAEL P. CLENDENEN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 305-0693
Email: michael.p.clendenen@usdoj.gov

*Counsel for Defendants*