UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

American Foreign Service Association, *et al.*,

    *Plaintiffs*,

v.

President Donald J. Trump, *et al.*,

    *Defendants*.

Case No. 1:25-cv-00352

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE**

Plaintiffs seek expedited briefing of their summary judgment motion because Defendants are dismantling USAID at a pace that, absent expedition, will forever insulate that action from this Court's review. *Cf.* March 3 H'rg Trans., *Nat'l Treas. Emps. Union v. Vought*, No. 25-cv-381 (D.D.C), p. 29 (fashioning relief to prevent defendants from "chok[ing]" a federal agency "out of existence" before the Court "get[s] to rule on the merits"). Defendants do not contest that they are rapidly working to dismantle the agency, an action that Plaintiffs have challenged as unlawful and unconstitutional, and that that action may soon become irreversible.

Instead, Defendants primarily oppose expedited summary judgment briefing on the basis that they plan to file a motion to dismiss. That concern is easily addressed. Consistent with this Court's prerogative to issue scheduling orders to "fit the needs of the case," Fed. R. Civ. P. 56 (2010 advisory committee note), the Court could direct Defendants to combine their response to Plaintiffs' motion for summary judgment with a cross-motion to dismiss. Briefing could then proceed on the schedule that Plaintiffs have proposed, with the addition of a reply by Defendants in support of any motion to dismiss by March 28.

1

This proposed schedule is fair, efficient for the litigants, and preserves judicial economy. Unlike in the cases cited by Defendants in which a court granted a stay of summary judgment proceedings, Plaintiffs here would be prejudiced by delay in adjudicating the motion for summary judgment. *See W. Virginia ex rel. Morrisey v. United States Dep't of Health & Hum. Servs.*, No. CV 14-1287 (RBW), 2014 WL 12803229, at *1 (D.D.C. Nov. 3, 2014) (noting that plaintiff did not articulate how it would experience prejudice if the Court were to stay summary judgment briefing pending resolution of jurisdictional issues raised in a motion to dismiss); *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) (recounting that the court issued a stay on a motion for summary judgment that was filed after a motion to dismiss was fully briefed, but before the court decided that motion to dismiss); *Furniture Brands Int'l, Inc. v. U.S. Int'l Trade Comm'n*, No. CIV.A. 1:11-00202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) (determining that "suspending briefing of the summary judgment motion pending the Court's resolution of the motions to dismiss will not prejudice plaintiff"). In fact, the prejudice to Plaintiffs of staying their motion for summary judgment pending resolution of a not-yet-filed motion to dismiss would be profound. As discussed in Plaintiffs' motion for summary judgment, Defendants are rapidly and unlawfully dissolving USAID, a congressionally created agency. ECF No. 53-1 at 3-8. Those efforts are ongoing. Just yesterday, Plaintiffs sought emergency relief because the agency was "clearing [its] classified safes and personnel documents," and directed staff to "[s]hred as many documents" as possible, and to use "burn bags for when the shredder becomes unavailable or needs a break." ECF No. 53 at 1. Further delay in this case will allow Defendants to continue dismantling USAID such that Plaintiffs may not be able to obtain effective relief for their claims.

Further, Defendants have not offered any reason why they cannot expeditiously brief a motion to dismiss. As Plaintiffs note, Defendants are already familiar with the substantive issues

2

underlying the case, having fully briefed Plaintiffs' motion for preliminary relief. Mot. 2. Further, simultaneous briefing of a motion for summary judgment and motion to dismiss would permit the Court to efficiently reach a final judgment on the merits after a single round of briefing. Indeed, this Court has regularly allowed briefing on motions to dismiss and summary judgment to proceed simultaneously in other cases. *See, e.g.*, *All. v. Becerra*, No. 23-CV-2168, 2024 WL 4006049, at *1 (D.D.C. Aug. 30, 2024); *Siddiqui v. Blinken*, 646 F. Supp. 3d 69, 72 (D.D.C. 2022); *Fling v. Martin*, No. 1:19-CV-00693 (CJN), 2020 WL 4569335, at *3 (D.D.C. Aug. 7, 2020), *aff'd,* No. 20-5250, 2020 WL 8569529 (D.C. Cir. Dec. 22, 2020).

For the same reason, this Court ought not credit Defendants' suggestion that delay is needed to compile the administrative record. As a threshold matter, Defendants suggest that they may refuse to compile and produce the administrative record at all. *See* ECF No. 55 at 4 n.2 (preserving the argument "they should be excused from the requirement"). In any event, Defendants do not argue that they would be unable to compile the record under an expedited timeline. Instead, Defendants point to the local rule governing judicial review of administrative agency actions. *Id.* at 5 (citing Local Rule 7(n)). But Rule 7(n) allows for the administrative record to be filed simultaneously with a dispositive motion. The rule therefore does not support Defendants' argument that they cannot be required to file the administrative record before April 21, 2025, *id.* 5, if an expedited briefing schedule so requires. In any event, as noted in Plaintiffs' motion, ECF No. 52 at 2, Plaintiffs do not believe that the administrative record is necessary for the Court to issue a summary judgment ruling.

## CONCLUSION

This Court should enter a briefing schedule that directs Defendants to file, by March 17, their response to Plaintiffs' motion for summary judgment, which may be combined with a cross-

3

motion to dismiss. Plaintiffs should be directed to file, by March 24, their opposition to any motion to dismiss and a reply to Defendants' opposition to Plaintiffs' motion for summary judgment, and Defendants should be directed to file a reply in support of a motion to dismiss, if they file one, by March 28.

Dated: March 12, 2025

Respectfully submitted,

/s/ *Lauren Bateman*

Lauren Bateman (DC Bar No. 1047285)
Karla Gilbride (DC Bar No. 1005586)
Allison Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
lbateman@citizen.org

/s/ *Kaitlyn Golden*

Kaitlyn Golden (DC Bar No. 1034214)
Kristen Miller (DC Bar No. 229627)
Rachel L. Fried (DC Bar No. 1029538)
Kayla M. Kaufman (DC Bar No. 90029091)
Robin F. Thurston (DC Bar No. 1531399)
Skye L. Perryman (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kgolden@democracyforward.org