IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

American Foreign Service Association, *et al.*,

*Plaintiffs*,

v.

President Donald J. Trump, *et al.*,
*Defendants*.

Case No. 1:25-cv-00352-CJN

**MOTION OF 202 MEMBERS OF CONGRESS FOR LEAVE TO FILE
AMICUS CURIAE BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 7(o), 202 Members of Congress respectfully seek this Court's leave to file the attached *amicus curiae* brief in support of Plaintiffs' pending motion for summary judgment, ECF No. 51. The proposed *amicis curiae* brief is attached as Exhibit A and a proposed order granting this motion is attached as Exhibit B. The motion for leave to file this brief should be granted for the following reasons:

1. Proposed *amici* are members of Congress who are well-acquainted with the United States Agency for International Development (USAID). They include members who participated in drafting the Foreign Affairs Reform and Restructuring Act of 1998, which established USAID as an independent agency; participated in drafting recent Appropriations Acts that require USAID to be funded as an independent agency with its own appropriation and that limit the president's ability to unilaterally reorganize USAID; serve or served on committees with jurisdiction over foreign aid and appropriations; and currently serve in the leadership of the House of Representatives or served in the leadership when USAID was established as an independent agency. Many members have also visited USAID projects around the globe and met with those who administer and benefit from

those projects. They are thus familiar with the statutory basis for USAID, as well as its essential role in advancing the United States' strategic interests in the world. A full list of proposed *amici* is in the appendix to the brief.

2. This Court has "broad discretion" to permit participation by third parties as *amicus curiae*. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Engineers*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). The Court has permitted such participation where a third party has "unique information or perspective" that can contribute to the Court's understanding of the matter in question, *Jin v. Ministry of State Sec'y*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (internal quotation marks omitted), and "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011).

3. The proposed brief plainly satisfies these standards. Among other things, proposed *amici* are particularly well-positioned to explain the history of USAID, including the context in Congress made the reasoned decision to establish USAID as an independent agency outside the Department of State and its repeated decisions to support USAID as a separate agency with its own appropriation. Proposed *amici* are also well-positioned to explain the history of requirements included in appropriations acts for nearly a decade that require notification and consultation to Congress before the executive implements any reorganization of USAID. Defendants' recent actions toward USAID—including freezing and then cancelling the vast majority of USAID-funded awards, terminating or placing on indefinite administrative leave the vast majority of the agency's workforce, including those posted overseas, and shuttering its headquarters—show blatant disregard for Congress's role and express directives in clear violation of the Constitution's mandate that the laws be faithfully executed. Not only do those efforts violate our law and constitutional structure, they also threaten the mission USAID was created to advance—protecting

American national security, strengthening diplomatic ties with partners and allies, and promoting stability around the globe. Proposed *amici* thus have a substantial interest in this case.

4. This Court's local rules do not specify the time for filing of amicus briefs, providing instead that they "shall be filed within such time as the Court may allow." Local Rule 7(o)(3). This brief is timely because it is submitted one week before the deadline for Defendants to oppose Plaintiffs' motion for summary judgment, thereby affording Defendants sufficient time to respond to the arguments and information contained in the proposed *amicus curiae* brief.

5. Pursuant to Local Rules 7(m) and 7(o), counsel for *amici* conferred with counsel for the parties in this case. Plaintiffs consent to this motion and Defendants do not oppose this motion.

For these reasons, proposed *amici* respectfully request that the Court grant their motion for leave to file the proposed *amicus curiae* brief in support of Plaintiffs' motion for summary judgment.

Date: March 31, 2025`                                Respectfully submitted,

/s/ Sharon M. McGowan                                /s/ Hannah Kieschnick
Sharon M. McGowan (DC Bar No. 476417)                Hannah Kieschnick*
Leah M. Nicholls (DC Bar No. 982730)**               PUBLIC JUSTICE
PUBLIC JUSTICE                                       475 14th St., Ste 610
1620 L St. NW, Ste. 630                              Oakland, CA
Washington, DC 20036                                 (510) 622-8150
(202) 797-8600                                       hkieschnick@publicjustice.net
smcgowan@publicjustice.net
lnicholls@publicjustice.net                          * Motion for *pro hac vice* admission
                                                     forthcoming
*Counsel for Amici Curiae*
*202 Members of Congress*                            ** Admission pending

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March 2025, I electronically filed the foregoing motion, together with its accompanying proposed *amici curiae* brief and proposed order, using the Court's CM/ECF system, which effected service upon all parties who have entered an appearance.

Date: March 31, 2025                                       /s/ *Sharon M. McGowan*
                                                          Sharon M. McGowan