IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN FOREIGN SERVICE
ASSOCIATION, *et al.*,

    Plaintiffs,

v.

PRESIDENT DONALD J. TRUMP, *et al.*,

    Defendants.

Civil Action No. 1:25-cv-352-CJN

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

    Defendants respectfully submit the following responses to Plaintiffs' Statement of Undisputed Material Facts, ECF No. 51-2, in correspondingly numbered paragraphs. Because the Court's review of Plaintiffs' claims is limited to the administrative record, this Court is not required to "resolve factual issues." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1096 (D.C. Cir. 1996); *see Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 90 (D.D.C. 2006) ("Under the APA . . . the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." (citations and internal quotation marks omitted)); *see also* Comment to LCvR 7(h). "As a result, the normal summary judgment procedures requiring the filing of a statement of undisputed material facts is not applicable." Comment to LCvR 7(h). Accordingly, Defendants do not provide their own "statement of material facts as to which [they] contend[] there is no genuine issue," LCvR 7(h), and provide this response to Plaintiffs' statement only out of an abundance of caution.

1

In light of Defendants' cross-motion for summary judgment, the use of the word "disputed" herein should not be construed to mean that Defendants believe that there are genuine issues of disputed fact that would necessitate a trial. Rather, such language simply means that Plaintiffs' statement is objectionable in some respect and Defendants cannot agree to it for that reason. Defendants maintain their position that there are *no* genuine issues of material fact that would preclude entering summary judgment for Defendants.

## FACTS

1. Defendants do not dispute the assertions in paragraph 1.

2. Defendants do not dispute the assertions in paragraph 2.

3. Defendants do not dispute the assertions in paragraph 3.

4. Defendants do not dispute the assertions in paragraph 4.

5. Paragraph 5 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. In general, news articles are inadmissible as hearsay, *see Amirentezam v. Islamic Republic of Iran*, No. 1:19-cv-2066, 2023 WL 5724121, at *7 n.11 (D.D.C. Sept. 5, 2023); *Huitra v. Islamic Republic of Iran*, 211 F. Supp. 2d 115, 123 (D.D.C. 2002), and Plaintiffs have provided no basis for why the news articles cited in their Statement of Undisputed Material Facts would fall under an exception to the hearsay rule.

6. Defendants do not dispute the assertions in paragraph 6.

7. Defendants do not dispute the assertions in paragraph 7.

8. Defendants do not dispute the assertions in paragraph 8.

9. Defendants do not dispute the assertions in paragraph 9.

10. Defendants do not dispute the assertions in paragraph 10.

11. Defendants do not dispute the assertion that PSCs are individuals who enter directly into contracts with USAID. Defendants dispute the legal conclusion that PSCs have an "employer–employee relationship with the United States Government;" PSCs are contractors, not employees.

12. Defendants do not dispute the assertions in paragraph 12.

13. Defendants do not dispute the assertions in paragraph 13.

14. Defendants do not dispute the assertions in paragraph 14.

15. Paragraph 15 relies on a declaration by a pseudonymously named declarant where Plaintiffs have not obtained court authorization for use of such declarations, and on that basis, Defendants dispute the assertions in this paragraph. Consistent with the "strong presumption in favor of public access to judicial proceedings," *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017), courts traditionally require a person seeking to use a pseudonym in court filings to make a showing akin to "good cause" for that course, *see Doe v. Von Eschenbach*, No. 06-cv-2131, 2007 WL 1848013 at *2; *cf. Chang v. Republic of S. Sudan*, 548 F. Supp. 3d 34, 37 (D.D.C. 2021) ("court may . . . *for good cause*, 'require redaction of additional information'" from filings) (quoting Fed. R. Civ. P. 5.2(e)(1)) (emphasis added). Use of a pseudonym can be warranted in limited circumstances, for example, for personnel whose personal safety and ability to function professionally requires them to protect their identities from persons without a need to know (for example, intelligence officers or undercover investigators). But the Doe declarants cited in Plaintiffs' Statement of Undisputed Material Facts nowhere address the basis for proceeding pseudonymously.

16. Defendants do not dispute the assertions in paragraph 16.

17. Defendants do not dispute the assertions in paragraph 17 but respectfully refer the Court to the referenced Executive Order for a complete and accurate statement of its contents.

3

18. Defendants do not dispute the assertions in paragraph 18 but respectfully refer the Court to the referenced Executive Order for a complete and accurate statement of its contents.

19. Defendants do not dispute the assertions in paragraph 19 but respectfully refer the Court to the referenced Executive Order for a complete and accurate statement of its contents.

20. Defendants do not dispute the assertions in paragraph 20.

21. Defendants do not dispute the assertions in paragraph 21 but respectfully refer the Court to the referenced ALDAC for a complete and accurate statement of its contents.

22. Defendants do not dispute the assertions in paragraph 22 but respectfully refer the Court to the referenced ALDAC for a complete and accurate statement of its contents.

23. Defendants do not dispute the assertions in paragraph 23.

24. Paragraph 24 relies on declarations by pseudonymously named declarants where Plaintiffs have not obtained court authorization for use of such declarations, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 15, *supra*.

25. Defendants do not dispute the assertions in paragraph 25.

26. Paragraph 26 relies on inadmissible hearsay evidence from a social media post, and on that basis, Defendants dispute the assertions in this paragraph. Plaintiffs have provided no basis for why the social media posts cited in their Statement of Undisputed Material Facts would fall under an exception to the hearsay rule.

27. Paragraph 27 relies on inadmissible hearsay evidence from a social media post, and on that basis, Defendants dispute the assertions in this paragraph. Plaintiffs have provided no basis for why the social media posts cited in their Statement of Undisputed Material Facts would fall under an exception to the hearsay rule.

28. Defendants do not dispute the assertions in paragraph 28 but respectfully refer the Court to the referenced announcement for a complete and accurate statement of its contents.

29. Defendants do not dispute the assertions in paragraph 29 but respectfully refer the Court to the referenced announcement for a complete and accurate statement of its contents.

30. Defendants do not dispute the assertions in paragraph 30 but respectfully refer the Court to the referenced announcement for a complete and accurate statement of its contents.

31. Paragraph 31 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

32. Paragraph 32 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

33. Paragraph 33 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

34. Paragraph 34 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

35. Defendants do not dispute the assertions in paragraph 35.

36. Paragraph 36 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

37. Paragraph 37 relies on inadmissible hearsay evidence from a social media post, and on that basis, Defendants dispute the assertions in this paragraph. Plaintiffs have provided no basis for why the social media posts cited in their Statement of Undisputed Material Facts would fall under an exception to the hearsay rule.

38. Paragraph 38 relies on inadmissible hearsay evidence from a social media post, and on that basis, Defendants dispute the assertions in this paragraph. Plaintiffs have provided no basis for why the social media posts cited in their Statement of Undisputed Material Facts would fall under an exception to the hearsay rule.

39. Paragraph 39 relies on inadmissible hearsay evidence from both a social media post and a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

40. Defendants do not dispute the assertions in paragraph 40.

41. Paragraph 41 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*; *see also* Decl. of Pete Marocco ¶ 14, *Doe v. Musk*, No. 8:25-cv-462 (D. Md.) (Feb. 22, 2025) ("I am unaware of any employee in a dangerous location such as Syria whose access was impacted.").

42. Paragraph 42 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

43. Defendants do not dispute the assertions in paragraph 43.

44. Defendants do not dispute the assertions in paragraph 44 but respectfully refer the Court to the referenced letter for a complete and accurate statement of its contents.

45. Defendants do not dispute the assertions in paragraph 45 but respectfully refer the Court to the referenced letter for a complete and accurate statement of its contents.

46. Defendants do not dispute the assertions in paragraph 46 but respectfully refer the Court to the referenced letter for a complete and accurate statement of its contents.

47. Paragraph 47 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

48. Paragraph 48 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

49. Paragraph 49 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

50. Defendants do not dispute the assertions in paragraph 50.

51. Defendants do not dispute the assertions in paragraph 51.

52. Defendants do not dispute the assertions in paragraph 52 but respectfully refer the Court to the referenced notice for a complete and accurate statement of its contents.

53. Paragraph 53 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

54. Defendants do not dispute the assertions in paragraph 54.

55. Paragraph 55 relies on declarations by pseudonymously named declarants where Plaintiffs have not obtained court authorization for use of such declarations, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 15, *supra*.

56. Paragraph 56 relies on a declaration by a pseudonymously named declarant where Plaintiffs have not obtained court authorization for use of such declarations, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 15, *supra*.

57. Paragraph 57 relies on a declaration by a pseudonymously named declarant where Plaintiffs have not obtained court authorization for use of such declarations, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 15, *supra*.

58. Paragraph 58 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

59. Paragraph 59 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

60. Defendants do not dispute the assertions in paragraph 60 but respectfully refer the Court to the referenced social media post for a complete and accurate statement of its contents.

61. Paragraph 61 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

62. Paragraph 62 relies on inadmissible hearsay evidence from a social media post, and on that basis, Defendants dispute the assertions in this paragraph. Plaintiffs have provided no basis for why the social media posts cited in their Statement of Undisputed Material Facts would fall under an exception to the hearsay rule.

63. Defendants do not dispute the assertions in paragraph 63.

64. Defendants do not dispute the assertions in paragraph 64 but respectfully refer the Court to the referenced order for a complete and accurate statement of its contents.

65. Defendants do not dispute the assertions in paragraph 65.

66. Defendants do not dispute the assertions in paragraph 66 but respectfully refer the Court to the referenced report for a complete and accurate statement of its contents.

67. Paragraph 67 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

68. Paragraph 68 relies on a declaration by a pseudonymously named declarant where Plaintiffs have not obtained court authorization for use of such declarations, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 15, *supra*.

69. Defendants do not dispute the assertions in paragraph 69.

70. Defendants do not dispute the assertions in paragraph 70 but respectfully refer the Court to the referenced declaration for a complete and accurate statement of its contents.

71. Paragraph 71 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

72. Paragraph 72 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

73. Paragraph 73 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

74. Paragraph 74 relies on a declaration by a pseudonymously named declarant where Plaintiffs have not obtained court authorization for use of such declarations, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 15, *supra*.

75. Paragraph 75 appears to rely on inadmissible evidence from a news article (cited in ¶ 76 n.74), and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

76. Paragraph 76 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

77. Defendants do not dispute the assertions in paragraph 77.

78. Defendants do not dispute the assertions in paragraph 78.

79. Defendants do not dispute the assertions in paragraph 79.

80. Defendants do not dispute the assertions in paragraph 80 but respectfully refer the Court to the referenced notice for a complete and accurate statement of its contents.

81. Defendants do not dispute the assertions in paragraph 81 but respectfully refer the Court to the referenced notice for a complete and accurate statement of its contents.

82. Defendants do not dispute the assertions in paragraph 82.

83. Defendants do not dispute the assertions in paragraph 83.

84. Defendants do not dispute the assertions in paragraph 84 but respectfully refer the Court to the referenced notice for a complete and accurate statement of its contents.

85. Defendants do not dispute the assertions in paragraph 85 but respectfully refer the Court to the referenced notice for a complete and accurate statement of its contents.

86. Defendants do not dispute the assertions in paragraph 86 but respectfully refer the Court to the referenced status report and social media post for a complete and accurate statement of their contents.

87. Defendants do not dispute the assertions in paragraph 87 insofar as they characterize an exhibit in *AVAC v. U.S. Dep't of State* but respectfully refer the Court to the referenced exhibit for a complete and accurate statement of its contents. Defendants dispute the substance of the statement that providing aid "was not possible due to administrative and bureaucratic challenges, including contradictory and shifting guidance regarding approval for required activities and failure of Agency leadership to process disbursement of funds for activities once approved."

88. Defendants do not dispute the assertions in paragraph 88 insofar as they characterize an exhibit in *AVAC v. U.S. Dep't of State* but respectfully refer the Court to the referenced exhibit for a complete and accurate statement of its contents. Defendants dispute the substance of the statement that the referenced group was "wholly prevented from delivering life-saving activities under the waiver to date" and that "USAID's failure to implement lifesaving humanitarian assistance under the waiver is the result of political leadership at USAID, the Department of State, and DOGE, who have created and continue to create intentional and/or unintentional obstacles that have wholly prevented implementation."

89. Paragraph 89 relies on inadmissible evidence from a news article, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 5, *supra*.

90. Paragraph 90 relies on a declaration by a pseudonymously named declarant where Plaintiffs have not obtained court authorization for use of such declarations, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 15, *supra*.

91. Defendants do not dispute the assertions in paragraph 91 but respectfully refer the Court to the referenced filing for a complete and accurate statement of its contents.

92. Defendants do not dispute the assertions in paragraph 92 insofar as they characterize an exhibit in *AVAC v. U.S. Dep't of State* but respectfully refer the Court to the referenced exhibit for a complete and accurate statement of its contents.

93. Defendants do not dispute the assertions in paragraph 93 insofar as they characterize an exhibit in *AVAC v. U.S. Dep't of State* but respectfully refer the Court to the referenced exhibit for a complete and accurate statement of its contents.

94. Defendants do not dispute the assertions in paragraph 94 insofar as they characterize the Inspector General report but respectfully refer the Court to the referenced report for a complete and accurate statement of its contents. Defendants dispute the characterization that Defendants' "actions have curtailed the agency's ability to vet humanitarian assistance awards for potential terrorist ties and to monitor aid deliveries in high-risk environments."

95. Defendants lack information or knowledge sufficient to form a belief as to the truth of the assertions in paragraph 95, and thus lacks grounds to dispute them.

96. Defendants lack information or knowledge sufficient to form a belief as to the truth of the assertions in paragraph 96, and thus lacks grounds to dispute them.

97. Paragraph 97 relies on declarations by pseudonymously named declarants where Plaintiffs have not obtained court authorization for use of such declarations, and on that basis, Defendants dispute the assertions in this paragraph. *See* response to ¶ 15, *supra*.

Dated: April 7, 2025                                        Respectfully submitted,

11

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

LAUREN A. WETZLER
Deputy Director
Federal Programs Branch

*/s/ Christopher D. Edelman*
CHRISTOPHER D. EDELMAN
INDRANEEL SUR
Senior Counsel
MICHAEL P. CLENDENEN
RICHARD C. GILES
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 305-8659
Email: christopher.edelman@usdoj.gov

*Counsel for Defendants*