UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN FOREIGN SERVICE ASSOCIATION, et al., | ) ) ) ) | |
| *Plaintiffs,* | ) ) ) | Case No. 1:25-cv-00352 |
| v. | ) ) | |
| DONALD TRUMP, et al., | ) ) ) | |
| *Defendants.* | ) ) | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully notify the Court of the recent decision partially granting a motion for preliminary injunction in *Widakuswara v. Lake*, 1:25-cv-1015, 2025 WL 1166400 (D.D.C. Apr. 22, 2025). In that case, plaintiffs seek to enjoin the dissolution of an executive agency, the U.S. Agency for Global Media (USAGM).

*Widakuswara* is directly on point. Plaintiffs in *Widakuswara* include labor union Plaintiffs here, AFSA and AFGE, who sought relief on behalf of both themselves and their members. Defendants there argued, as they do here, that the unions' claims should be channeled to administrative agencies. Rejecting that argument, the court found that it had jurisdiction "because this case is not simply a collection of employment disputes." *Id.* at *10.

The opinion in *Widakuswara* notes that this Court's order denying a preliminary injunction was based on a finding that, at the time, USAID was "still standing." *Id.* at *11 (quoting Mem. Op., ECF No. 49 at 16). As to USAGM, though, "such a conclusion would ignore the facts on the record and on the ground." *Id.* The same now holds true in this case, where, as Plaintiffs have explained, Pls.' Reply, ECF No. 74 at 6–7, developments since the

1

Court's ruling on the preliminary injunction motion establish that USAID has reached the "breaking point" to which this Court alluded in its preliminary injunction decision, *see Widakuswara*, 2025 WL 1166400, at *11.

In addition, the court in *Widakuswara* determined that the factors in *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1992), "favor the Court's review." *Id.* at *11 n.22. The administrative agencies, the court reasoned, could not give meaningful review because, even if an employee were "ultimately reinstated, she would return to an empty agency." *Id.* This aspect of *Widakuswara* applies fully here. *See* Pls.' MSJ, ECF No. 51-1 at 19–20; Pls.' Reply at 5–10.

Finally, the opinion in *Widakuswara* observes that the channeling statutes' "purported jurisdictional bar" did not "implicate[]" non-employee plaintiffs or the unions' claims on their own behalf. *Widakuswara*, 2025 WL 1166400, at *10 and n.20. The same is true here. *See* Pls.' MSJ at 11–13, 16–17; Pls.' Reply at 7, 10–12.

Dated: April 24, 2025                                     Respectfully submitted,

/s/ Lauren Bateman                                        /s/ Kaitlyn Golden
Lauren Bateman (DC Bar No. 1047285)       Kaitlyn Golden (DC Bar No. 1034214)
Karla Gilbride (DC Bar No. 1005586)           Kristen Miller (DC Bar No. 229627)
Allison Zieve (DC Bar No. 424786)              Kayla M. Kaufman (DC Bar No. 90029091)
Public Citizen Litigation Group                     Robin F. Thurston (DC Bar No. 1531399)
1600 20th Street NW                                      Skye L. Perryman (DC Bar No. 984573)
Washington, DC 20009                                 Rachel L. Fried (DC Bar No. 1029538)
(202) 588-1000                                              Democracy Forward Foundation
lbateman@citizen.org                                   P.O. Box 34553
                                                                      Washington, D.C. 20043
                                                                      (202) 448-9090
                                                                      kgolden@democracyforward.org

*Counsel for Plaintiffs*