UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

American Foreign Service Association, et al.,

    *Plaintiffs*,

v.

President Donald J. Trump, et al.,

    *Defendants*.

Case No. 1:25-cv-00352

**PLAINTIFFS' SUPPLEMENTAL BRIEF
REGARDING D.C. CIRCUIT PROCEEDINGS IN *WIDAKUSWARA, ET AL. v. LAKE***

Lauren Bateman (DC Bar No. 1047285)
Karla Gilbride (DC Bar No. 1005586)
Allison Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Kaitlyn Golden (DC Bar No. 1034214)
Rachel L. Fried (DC Bar No. 1029538)
Kayla M. Kaufman (DC Bar No. 90029091)
Robin F. Thurston (DC Bar No. 1531399)
Skye L. Perryman (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

*Counsel for Plaintiffs*

June 6, 2025

## INTRODUCTION

In response to this Court's May 30 minute order, Plaintiffs submit this supplemental brief regarding recent D.C. Circuit proceedings related to the government's motion to partially stay a preliminary injunction issued in *Widakuswara v. Lake*, No. 25-cv-1015 (D.D.C.), a case challenging the dismantling of the U.S. Agency for Global Media (USAGM).

With respect to administrative channeling, the reasoning of the two judges who formed the majority of the May 3 motions panel granting that partial stay has no bearing on this Court's consideration of the arguments raised in the pending cross-motions for two reasons: First, the May 3 order is not precedential, and the en banc court did not adopt its reasoning. As a majority of judges on the D.C. Circuit made clear in a May 28 statement regarding en banc reconsideration, the ability of district courts to order relief related to federal personnel remains an open question—not just in the Circuit, but even in *Widakuswara* itself. Second, the government did not seek a stay of the provision of the *Widakuswara* injunction that required the Administration to restore USAGM operations to fulfill the agency's statutory mandate. Thus, although the district court's order to restore terminated USAGM employees and contractors was stayed by the D.C. Circuit, a provision that may result in substantially similar relief relating to USAGM personnel remains in effect.

With respect to Plaintiffs' request for relief as to the termination of foreign assistance awards, *see* ECF No. 51-25 at 2, this Court should consider the May 28 per curiam order of the en banc court vacating the May 3 order staying the grant-related provisions of two related preliminary injunctions.

## PROCEDURAL HISTORY OF *WIDAKUSWARA*

USAGM was established by Congress as an independent agency with a mission to "inform, engage, and connect people around the world in support of freedom and democracy." *Widakuswara v. Lake*, 1:25-cv-1015, 2025 WL 1166400, at *1 (D.D.C. Apr. 22, 2025) (citations and internal quotation marks omitted). The agency operates six federally funded broadcast networks, including Voice of America (VOA), Radio Free Asia, and the Middle East Broadcasting Networks. *Id.* On March 14, 2025, President Trump issued an executive order calling for the reduction of activities at USAGM and other governmental entities, and, in the next few days, USAGM's leadership took steps to shut down the agency by ceasing radio transmissions, placing employees on administrative leave, announcing plans to terminate their employment, and terminating grant agreements with the broadcast networks. *Id.* at *2–3. A number of legal challenges followed.

Michael Abramowitz, the Director of VOA, filed suit in this district, alleging that dismantling VOA violated the Constitution and the Administrative Procedure Act. *Abramowitz v. Lake*, 1:25-cv-887 (D.D.C.). Broadcast networks also filed suit challenging the termination of their grants. *See, e.g.*, *Radio Free Asia v. United States*, 1:25-cv-907 (D.D.C.); *Middle East Broadcast Networks, Inc. v. United States*, 1:25-cv-966, (D.D.C.).[1] All of those cases were assigned to the Honorable Royce C. Lamberth.

Meanwhile, Patsy Widakuswara, VOA's White House Bureau Chief, along with several other individual and organizational plaintiffs, filed suit in the U.S. District Court for the Southern District of New York, alleging that the actions to shut down USAGM violated various

---

[1] Other USAGM networks, Radio Free Europe/Radio Liberty and Open Technology Fund, also filed suit. *RFE/RL v. Lake*, No. 25-cv-799 (D.D.C.); *Open Technology Fund v. Lake*, No. 25-cv-840 (D.D.C.). The relevant proceedings of the D.C. Circuit, however, do not relate to those suits.

constitutional and statutory provisions. *See Widakuswara*, 2025 WL 1166400, at *5. That court granted the plaintiffs' request for a temporary restraining order, finding that the actions to shut down USAGM likely violated the Administrative Procedure Act. *Widakuswara v. Lake*, --- F. Supp. 3d ----, No. 25-CV-2390, 2025 WL 945869, at *11 (S.D.N.Y. Mar. 28, 2025). A week later, the court transferred the case to D.C., where it was likewise assigned to Judge Lamberth, *Widakuswara*, 2025 WL 1166400, at *6, and briefed on the same schedule as the case brought by Abramowitz. *See Abramowitz v. Lake*, No. 1:25-CV-887-RCL, 2025 WL 1176796, at *2 (D.D.C. Apr. 22, 2025).

On April 22, the district court granted a three-part preliminary injunction in *Widakuswara*. 2025 WL 1166400, at *18. The injunction directed the government to 1) "take all necessary steps to return USAGM employees and contractors to their status prior to the March 14, 2025 Executive Order . . . including by restoring all USAGM employees and personal service contractors, who were placed on leave or terminated, to their status prior to March 14, 2025," 2) "restore the FY 2025 grants" to Radio Free Asia and Middle East Broadcasting Networks, Inc., and 3) "restore VOA programming such that USAGM fulfills its statutory mandate that VOA 'serve as a consistently reliable and authoritative source of news.'" *Id.* (quoting 22 U.S.C. § 6202(c)). The same day, the court entered a preliminary injunction in *Abramowitz*, noting that the relief granted in the *Widakuswara* preliminary injunction, which included relief as it related to VOA, "encompasse[d]" the relief sought by the *Abramowitz* plaintiffs. 2025 WL 1176796, at *2. Three days later, the court granted parallel injunctive relief directing restoration of FY 2025 grants in *Radio Free Asia* and *Middle East Broadcasting*. *See* 1:25-cv-907, ECF No. 25; 1:25-cv-966, ECF No. 23.

3

The government sought interlocutory appeal of the preliminary injunctions in *Widakuswara*, *Abramowitz*, *Middle East Broadcasting*, and *Radio Free Asia*. *Widakuswara*, No. 25-5144 (appeal filed Apr. 24, 2025); *Abramowitz*, No. 25-5145 (appeal filed Apr. 24, 2025); *Middle East Broadcasting*, No. 25-5150 (appeal filed Apr. 25, 2025); *Radio Free Asia*, No. 25-5151 (appeal filed Apr. 25, 2025). It also sought a stay pending appeal of the first two provisions—but not the third provision—of the *Widakuswara* injunction. *See Widakuswara*, No. 25-5144 (Apr. 25, 2025, stay motion); *Abramowitz*, No. 25-5145 (Apr. 25, 2025, stay motion). And it sought a stay of the injunctions in *Middle East Broadcasting* and *Radio Free Asia* in their entirety. *See Middle East Broadcasting*, No. 25-5150 (Apr. 26, 2025, stay motion); *Radio Free Asia*, No. 25-5151 (Apr. 26, 2025, stay motion).

On May 3, a divided motions panel of the D.C. Circuit granted the government's motions for stay pending appeal in all four cases. *Widakuswara*, No. 25-5144, 2025 WL 1288817 (D.C. Cir. May 3, 2025). The panel majority concluded that the district court "likely lacked jurisdiction" over personnel decisions and that USAGM employees and contractors must pursue any "viable, discrete claims with respect to their individual personnel actions" through "other remedial channels," leading the panel to stay the first provision of the *Widakuswara* injunction restoring USAGM personnel to their pre-March 14 status. *Id.* at *2–3. The panel majority also concluded that the Tucker Act likely deprived the district court of jurisdiction to restore grant funding to Radio Free Asia and Middle East Broadcasting Networks, leading the panel to stay the second provision of the *Widakuswara* injunction, as well as the preliminary injunctions in *Middle East Broadcasting* and *Radio Free Asia*. *Id.* at *3; *see also id.* at *1 (granting the stay in *Abramowitz* "to the extent the relief granted falls within provisions (1) and (2)" of the *Widakuswara* injunction).

4

The plaintiffs sought en banc reconsideration and vacatur of the May 3 order. *Widakuswara*, No. 25-5144 (May 5, 2025, en banc petition). With respect to the first provision of the *Widakuswara* injunction, concerning personnel, the D.C. Circuit issued a May 22 per curiam order denying en banc reconsideration. *Widakuswara v. Lake*, No. 25-5144, 2025 WL 1556440 (D.C. Cir. May 22, 2025). That order provided that further explanatory statements would follow, and two such explanatory statements respecting the denial of reconsideration en banc were issued on May 28—one by Chief Judge Srinivasan, joined by six other judges, and another by Judge Pillard. *See* Ex. 1 (May 28 Explanatory Statements). Noting the interaction between the first and third provisions of the *Widakuswara* injunction, Chief Judge Srinivasan's statement for a majority of the D.C. Circuit explained that the denial of en banc reconsideration of the May 3 stay order should "not be understood to accept or treat with" the government's assertion that the personnel-related relief under the unappealed third injunctive provision is limited to that which the government deems necessary or appropriate to fulfill its statutory mandate. *Id.* at 3. Instead, "insofar as the issue [of personnel-related relief] may arise in further proceedings in the district court, that court presumably would consider it in the first instance." *Id.* Judge Pillard separately stated that she "remain[ed] convinced that the panel should not have entered an emergency stay of the district court's preliminary injunction," but that "the standard for the full court's intervention is unmet because nothing in the panel's stay order prevents the district court from enforcing the unchallenged prong 3 of the injunction." *Id.* at 4.

Also on May 28, the D.C. Circuit granted en banc reconsideration and vacated the stay order as to the *Radio Free Asia* and *Middle East Broadcasting* injunctions, concluding that the government was unlikely to succeed on its Tucker Act challenge to the grant-related aspects of Judge Lamberth's orders. *Widakuswara*, 2025 WL 1521355, at *1 (D.C. Cir. May 28, 2025) (per

5

curiam). The court denied reconsideration of the May 3 order staying the second provision of the *Widakuswara* injunction, related to grants, however, because the *Widakuswara* plaintiffs had asserted that their injuries arising from the May 3 order were "entirely derivative of the suspension of monthly grant payments to Radio Free Asia." *Id.* at *2. For that reason, the vacatur in *Radio Free Asia* "addresse[d] those asserted injuries." *Id.*

## ARGUMENT

This Court's minute order asked the parties to address "whether and to what extent the motions panel's decision is binding on the Court in light of its procedural posture." As an unpublished opinion, the May 3 motions panel order is not binding on this Court. Indeed, the en banc court suggested that the panel's order is not binding on future proceedings in *Widakuswara*—let alone other cases in the Circuit. Nonetheless, the en banc court's holding that the government had not made the requisite strong showing of a likelihood of success on the merits of its appeals with respect to the aspect of the injunctions concerning the unlawful termination of grants is instructive here and supports Plaintiffs with respect to the motions pending in this case.

**I.    The order of the motions panel does not bind this Court.**

Under the local rules of the D.C. Circuit, "a panel's decision to issue an unpublished disposition means that the panel sees no precedential value in that disposition." D.C. Cir. R. 36(e)(2). Consistent with that rule, unpublished opinions are not binding circuit precedent. *In re Grant*, 635 F.3d 1227, 1232 (D.C. Cir. 2011) (holding that "unpublished dispositions should not strictly bind panels of the court"); *Taylor v. FDIC*, 132 F.3d 753, 761 (D.C. Cir. 1997) ("The order of the motions panel went unpublished and will bind no panel of this court in any other case."). The panel decision here has not been published. Therefore, no aspect of the May 3, 2025, decision of the motions panel in *Widakuswara* is binding on this Court. *See S. Educ. Found. v. United States*

6

*Dep't of Educ.*, No. 1:25-cv-01079, 2025 WL 1453047, at *11 (D.D.C. May 21, 2025) (declining to follow the reasoning of the *Widakuswara* panel).

## II. A majority of the judges on the D.C. Circuit took no position on district courts' jurisdiction to order relief related to federal personnel.

Further, no aspect of the proceedings before the D.C. Circuit in *Widakuswara* affects this Court's ability to order relief related to federal personnel. To start, the government did not seek to stay the third provision of the *Widakuswara* preliminary injunction, which ordered the government to restore programming "such that USAGM fulfills its statutory mandate that VOA 'serve as a consistently reliable and authoritative source of news.'" *Widakuswara*, 2025 WL 1166400, at *18 (quoting 22 U.S.C. § 6202(c)); *see also* Ex. 1 at 4. This provision has remained in place during the litigation on the stay. Plaintiffs request similar relief here for similar reasons, arguing that Congress established USAID as a federal agency separate from the State Department under the Foreign Service Reform and Restructuring Act of 1998; that that statute afforded the President a limited window of time, now expired, in which he could abolish or restructure the agency; and that unilaterally abolishing the agency now expressly violates the statute. Therefore, Plaintiffs seek an injunction prohibiting Defendants from shutting down USAID's operations in a manner not authorized by Congress. *See* ECF No. 51-1 at 21–22; ECF No. 51-25 at 3. This Court's ability to grant that relief is not constrained in any way by the D.C. Circuit proceedings in *Widakuswara*, which did not concern a critical component of the preliminary injunction in that case.

Further, while denying en banc reconsideration of the May 3 panel order staying the first provision of the preliminary injunction, a majority of the judges on the D.C. Circuit expressly noted that the panel's order did not, as the government urged, resolve whether the district court had authority under the third provision of the *Widakuswara* injunction (as to which the government did not seek a stay) "to order personnel actions" beyond those that the government itself deems

7

necessary or appropriate to carry out USAGM's statutory mandate. Ex. 1 at 3 (quoting Govt. En Banc Response at 7). In other words, the D.C. Circuit, in declining to vacate the motions panel's stay order as to the injunction's first provision, explicitly declined to endorse the motions panel's analysis as to the scope of the district court's authority to rule on personnel-related matters generally. Rather, Chief Judge Srinivasan's statement made clear that it remained for the district court to consider "in the first instance" its own authority to craft personnel-related relief in order to effectuate the injunction's unstayed third provision. *Id.*; *see also* Ex. 1 at 4–5 (statement of Judge Pillard respecting denial of en banc consideration, noting that "this court has not limited the district court's remedial options going forward"). This aspect of the statement reflects that a majority of D.C. Circuit judges were not persuaded by the motions panel's conclusion that the district court likely lacked jurisdiction to "enjoin USAGM's personnel actions" in any way whatsoever. *Widakuswara*, 2025 WL 1288817, at *2. Plaintiffs maintain that personnel decisions made to effectuate an agency shutdown are different in kind from those individual personnel decisions that would be channeled in the normal course, and the majority of D.C. Circuit judges have explicitly stated that this question remains open for district courts to decide in the first instance.

**III.     The en banc court determined that the government was unlikely to succeed in its challenge to the grant-related aspects of the preliminary injunctions.**

This Court should take into consideration the reasoning in the en banc court's conclusion that the government is unlikely to succeed on its Tucker Act challenge to the grant-related aspects of Judge Lamberth's orders. *See Widakuswara*, 2025 WL 1521355, at *1

In their memorandum in support of their motion to dismiss in this case, Defendants argued that Plaintiff Oxfam lacked standing to challenge the dissolution of the agency because the Tucker Act would channel a claim for any relief that Oxfam could seek as to agency funding to the Court

8

of Federal Claims. *See* ECF No.70-1 at 21–22; ECF No. 83 at 6–7. As Plaintiffs explained, that argument is misplaced because Oxfam does not assert that it held foreign assistance awards that were suspended or terminated by Defendants and certainly does not seek monetary relief as to any awards. Rather, Oxfam has undisputedly established that its "injuries cannot be redressed unless USAID is functional because Oxfam relies on the expertise and logistical assistance of USAID personnel to perform its work." ECF No. 74 at 7.

As to this aspect of the government's argument in this case, the May 28 order of the en banc D.C. Circuit vacating the May 3 panel order staying the grant-related portions of Judge Lamberth's orders, *Widakuswara*, 2025 WL 1521355, at *1, is instructive. There, the en banc court determined that the government was unlikely to succeed in its argument that the Tucker Act precluded the district court's jurisdiction in *Middle East Broadcasting* and *Radio Free Asia*—two cases in which plaintiffs sought restoration of terminated grants. *Id.* The en banc court reached that conclusion "substantially for the reasons explained by Judge Pillard" in her dissent from the May 3 panel order, *id.*, which in turn explained that the plaintiffs' claims in those cases "did not depend on whether their contracts were breached, but on whether the agency's policy directives were unlawful in the face of federal statutes appropriating funds for specific purposes," *Widakuswara*, 2025 WL 1288817, at *14(Pillard, J., dissenting).

If the government is not likely to succeed in its Tucker Act arguments in *Middle East Broadcasting* and *Radio Free Asia*, it is even less likely to succeed here. As Defendants concede, Oxfam "does not purport to have a contract-based claim against Defendants." ECF No. 83 at 6. The Tucker Act therefore presents no jurisdictional barrier to affording Plaintiffs the relief they request, including restoration of the functionality of the agency by restoring the ability of implementing partners to perform USAID work through rescinding cancellations, terminations,

9

suspensions, and stop-work orders the agency issued with respect to contracts, grants, cooperative agreements, and other awards. ECF No. 51-25 at 2.

## CONCLUSION

The proceedings before the D.C. Circuit in *Widakuswara* do not alter this Court's ability to grant the relief Plaintiffs request and, instead, are consistent with Plaintiffs' requested relief. A majority of judges on the D.C. Circuit declined to opine on the district court's authority to order personnel actions that would restore the capacity of USAGM to fulfill its statutory function—relief similar to the relief requested by Plaintiffs here—leaving that decision to the district court in the first instance. In addition, the en banc D.C. Circuit determined that the government was unlikely to succeed in its argument that the Tucker Act precluded jurisdiction in cases related to the restoration of federal grants. That aspect of the en banc court's order is instructive here.

Dated: June 6, 2025

Respectfully submitted,

*/s/ Kaitlyn Golden*

Lauren Bateman (DC Bar No. 1047285)
Karla Gilbride (DC Bar No. 1005586)
Allison Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
lbateman@citizen.org

Kaitlyn Golden (DC Bar No. 1034214)
Rachel L. Fried (DC Bar No. 1029538)
Kayla M. Kaufman (DC Bar No. 90029091)
Robin F. Thurston (DC Bar No. 1531399)
Skye L. Perryman (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kgolden@democracyforward.org